UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**SHAUNESSY GRIMES**               )
                                   )
    Petitioner,            )   Case No. 13-CV-1030
                                   )
  v.                             )
                                   )
**MARCUS HARDY, Warden,**          )
                                   )
    Respondent.            )
                                   )

**OPINION**

This case is before the court on Petitioner's Motion to Stay (#11), Application for leave to Proceed in Forma Pauperis (#3), and Motion for Appointment of Counsel (#4). On January 14, 2013, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Northern District of Illinois (#1). On January 15, 2013, the case was transferred to the Central District of Illinois pursuant to Rule 4 of the Rules Governing Section 2254 cases (#5). On January 17, 2013, Chief Judge Shadid entered an order transferring the case to this court, pursuant to Local Rule 40.1. (Text Order of January 17, 2013).

**Analysis**

*Motion to stay*

On March 1, 2013, Petitioner filed a Motion to Stay Proceedings (#11). In it, Petitioner notes that while he timely filed his habeas petition, he "has several meritorious and unexhausted state claims currently available under the Illinois State Post-Conviction Hearing Act, 725 ILCS 5/122-1" (#11 ¶ 4). Petitioner further notes that "several of the claims have not been properly

exhausted due to errors entered into the trial, and appellate court's record, and are procedurally barring the claims from being fairly presented before this court at this time." (#11 ¶ 5). Petitioner seeks a stay in abeyance of the present petition.

Pursuant to 28 U.S.C. § 2254, an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. Here, Petitioner asserts that on direct appeal, the state appellate court affirmed his jury conviction on November 26, 2008, and the Illinois Supreme Court denied a petition for leave to appeal on March 25, 2009. (#1). Petitioner also asserts that he filed a post-conviction petition in state court, collaterally attacking his conviction, which was dismissed on December 14, 2010, as well as an appeal, which was dismissed on October 11, 2012. (#1). Petitioner, however, also asserts that he did not seek leave to appeal the dismissal to the Illinois Supreme Court. Petitioner states that he has not exhausted his collateral proceedings because

> discrepancies and errors in the Appellate Court's docketing files related to the Court's receiving and/or filing of Petitioner's response and objection to Appellate Counsel's Motion to Withdraw…. On August 9, 2012 Petitioner filed a letter with the Appellate Court objecting to Appellate Counsel's Motion for Leave to Withdraw as counsel on appeal. However, the Appellate Court's summary order granting counsel's Motion stated the Petitioner filed to respond. "Please note" that Petitioner is currently attempting to clarify and correct this error, in hope of presenting the post-conviction issues properly before the State Courts for adequate exhaustion prior to requesting leave to potentially amend or supplement this petition.

(#1). Petitioner seeks a stay to permit him to resolve those issues in the Illinois courts.

However, Petitioner's § 2254 petitioner states only two grounds. He first asserts that

> the appellate court denied him the constitutional right to an impartial jury and fair trial when the appellate court sustained the trial court's refusal to tender and instruct the jury on his lesser included instruction of involuntary manslaughter jury instruction.

For his second ground, Petitioner asserts that

> his right to due process was denied when the trial court usurped the jury's function as the trier of facts by refusing his proffered causation instructions: specifically Petitioner contends that the State failed to prove that his co-defendant Phillips (1) ever fired the weapon, 2. failed to prove that the bullet recovered was the same bullet that (a) hit or (b) caused the victim's death.

(#1 p. 5). Both these grounds are relative to Petitioner's trial and direct appeal. Further, Petitioner argued both his first ground (#1 p. 23) and his second ground (#1 p. 21) in his petition for leave to appeal to the Illinois Supreme Court, and he alleges that he has exhausted his direct appeal proceedings.

Because the two grounds upon which Petitioner relies are trial procedure questions, and because he has alleged that he has exhausted those two grounds during his direct appeal, this court can find no reason on the record that Petitioner would need to exhaust his remedies on collateral attack before this court reviews his § 2254 petition. Those issues may be fairly evaluated on his direct appeal record. Accordingly, Petitioner's Motion to Stay is DENIED.

*Motion for leave to proceed in forma pauperis*

This court has reviewed Petitioner's affidavit showing that as a state prisoner, his average monthly income was $10 and he had no other substantive income. Petitioner's motion is therefore GRANTED.

*Motion for appointment of counsel*

A litigant is not entitled to appointed counsel in a federal postconviction proceeding, *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Powell v. Davis,* 415 F.3d 722, 727 (7th Cir.2005), though a district court may appoint counsel if "the interests of justice so require," 18

U.S.C. § 3006A(a)(2)(B). This court is required to appoint counsel only if, "given the difficulty of the case and the litigant's ability, [Petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (editing marks omitted). This court has reviewed Petitioner's § 2254 motion and finds that this case appears to be straightforward and uncomplicated at this stage. Petitioner's § 2254 petition itself shows that he adequately understands the legal issues at stake, such as the complex issue of procedural default. Accordingly, Petitioner's Motion for appointment of counsel is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Stay (#11) is DENIED.

(2) Petitioner's Motion for Leave to Proceed in Forma Pauperis (#3) is GRANTED.

(3) Petitioner's Motion for Appointment of Counsel (#4) is DENIED.

(4) Respondent, Marcus Hardy, has sixty (60) days to file a response to the Petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. This court further orders that Respondent should attach those portions of the state court record that are relevant to Petitioner's claims and to the issues of the statute of limitations, exhaustion of state remedies, and procedural default.

ENTERED this 15th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE