UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHAUNESSY GRIMES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 13-CV-1030 |
| ) | |
| MICHAEL LEMKE¹, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On January 14, 2013, Petitioner Shaunessy Grimes filed his Petition for Writ of Habeas Corpus By a Person in State Custody Pursuant to 28 U.S.C. § 2254 (#9). On June 13, 2013, Respondent filed his Motion to Dismiss (#16). Petitioner's response to the motion to dismiss was due on July 1, 2013. Notice (#17) of the motion to dismiss and Petitioner's response date was mailed to Petitioner at Stateville Correctional Center in Joliet, Illinois. Petitioner never filed a response to the motion to dismiss. For the following reasons, Respondent's Motion to Dismiss (#16) is GRANTED and Petitioner's Petition (#9) is dismissed.

BACKGROUND

Petitioner was convicted in the Macon County Circuit Court of first-degree murder and sentenced to 35 years in the Illinois Department of Corrections. On November 26, 2008, the Illinois

---

¹Michael Lemke has replaced Marcus Hardy as the Warden of Stateville Correctional Center. Therefore, the clerk is directed to substitute Michael Lemke as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Fourth District Appellate Court affirmed his conviction on direct appeal. *People v. Grimes*, 898 N.E.2d 768 (Ill. App. Ct. 2008). On March 25, 2009, the Illinois Supreme Court denied Petitioner's petition for leave to appeal (PLA). On December 4, 2009, Petitioner wrote to the Illinois Supreme Court to inquire as to the status of his PLA. On December 8, 2009, the Illinois Supreme Court informed Petitioner that his PLA had been denied on March 25, 2009, and that his attorney had been notified of the fact. Petitioner did not file for a writ of certiori with the United States Supreme Court. On September 21, 2010, Petitioner filed a post-conviction petition in the Macon County Circuit Court, which was later dismissed as meritless at the first stage of proceedings. On October 11, 2012, the Fourth District Appellate Court affirmed the dismissal in a Summary Order. *People v. Grimes*, No. 4-11-0056, Summary Order (Ill. App. Ct. October 11, 2012). According to Respondent's Motion to Dismiss, "[u]ndersigned counsel has confirmed, through telephone conversation with the Clerk's Office of the Illinois Supreme Court, that petitioner did not file a PLA."

Petitioner filed this Petition for Writ of Habeas Corpus By a Person in State Custody Pursuant to 28 U.S.C. § 2254 on January 14, 2013. In the petition, Petitioner raises two claims. First, he alleges that he was denied due process via the right to a fair trial, when the appellate court sustained the trial court's refusal to tender and instruct the jury on involuntary manslaughter as a lesser included offense. Second, Petitioner alleges that he was denied due process when the trial court "usurped the jury's function as the trier of fact by refusing his proffered causation instructions." Respondent filed his Motion to Dismiss on June 13, 2013. Respondent argues that Petitioner's petition is untimely because it was filed well after the limitations period expired. Respondent argues the post-conviction petition was filed too late in state court to toll the time for filing the habeas

petition. Further, Respondent argues Petitioner is not entitled to equitable tolling and, even if he were, the petition would still be untimely.

ANALYSIS

There is a one year statute of limitations period for the filing of habeas petitions under § 2254:

"(d) (1)A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

3

Here, the Illinois Supreme Court denied Petitioner's PLA on March 25, 2009. Even taking at face value Petitioner's claim that he had no knowledge of the denial until December 8, 2009, he did not file his postconviction petition until September 21, 2010. He did not attempt to file a writ of certiori to the United States Supreme Court. The days that elapsed from December 8, 2009, until September 21, 2010, are counted against the statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Thus, before the filing of the postconviction petition, 287 days had been counted against the one year statute of limitations.

Next, the court must determine when the properly filed postconviction petition was no longer "pending" under § 2244(d)(2). Once the petition is no longer pending for purposes of § 2244(d)(2), the days count against the statute of limitations. The appellate court issued a summary order affirming the dismissal of Petitioner's postconviction petition on October 11, 2012. Petitioner did not file his § 2254 petition until January 13, 2013, 98 days after the appellate court's summary order. "The issue of whether a postconviction petition is pending for habeas purposes is governed by state law." *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). "In Illinois, the case law is quite clear that the judgment of an Illinois court of review is final on the day it is entered." *Wilson*, 302 F.3d at 747. Therefore, judgment on the postconviction petition is final and the petition is no longer "pending" for purposes of § 2244(d)(2) once the appellate judgment is entered, unless a petitioner files a motion for rehearing that is later *granted* by the court of review. *Wilson*, 302 F.3d at 747-48; *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Unlike review on direct appeal, the time for filing a writ of certiori with the U.S. Supreme Court following denial of a postconviction petition does not toll the time for filing a federal habeas petition. *Jones*, 449 F.3d at 788-89.

Here, judgment became final on Petitioner's postconviction petition on October 11, 2012,

when the appellate court affirmed the petition's dismissal. Petitioner did not file a petition for rehearing, PLA with the Illinois Supreme Court, or writ of certiori with the U.S. Supreme Court that was later granted. Therefore, the 98 days between the appellate court judgment and the filing of the § 2254 petition are counted against the limitations period. Added to the 287 days already counted, 385 days elapsed between the time when Petitioner's state court judgment was final and the filing of the habeas petition, which exceeds the one year limitation provision and makes his petition untimely. 28 U.S.C. § 2244(d)(1). Respondent's Motion to Dismiss (#16) is GRANTED and Petitioner's Petition (#9) is dismissed as untimely.

CERTIFICATE OF APPEALABILITY

In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, it is clear that Petitioner's habeas petition was filed following the expiration of the one-year limitations period provided by 28 U.S.C. §2244(d)(1). The fact that the petition was filed twenty days after the one-year period had run would not allow any reasonable jurist to conclude that the court has erred in dismissing the petition as time barred. Therefore, a certificate of appealability

is denied.

IT IS THEREFORE ORDERED THAT:

(1) The clerk is directed to substitute Michael L. Lemke for Marcus Hardy as Respondent.

(2) Respondent's Motion to Dismiss Petitioner's Habeas Corpus Petition as Time-Barred (#16) is GRANTED.

(3) Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (#9) is DISMISSED with prejudice.

(4) Petitioner's request for a Certificate of Appealability is DENIED.

ENTERED this 13th day of September, 2013

s/Michael P. McCuskey

MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE